An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNNY RAY IGNACIO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64716

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

In his petition filed on August 29, 2013, appellant claimed that his counsel was ineffective. To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11382

on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

Appellant claimed that his trial counsel was ineffective for failing to discover and challenge the fact that the Nevada Revised Statutes were derived from an illegal and unlawful body, that the Nevada Revised Statutes do not contain an enacting clause, that there is no proof that a bill was voted upon and signed in order to enact the Nevada Revised Statutes as laws, that the Nevada Revised Statutes are held out as laws of the state based upon fraudulent acts of prior justices and unknown legislators, and that the Office of the Secretary of State no longer has custody or control of the legislative history for the period during which the Nevada Revised Statutes were enacted. Appellant failed to demonstrate that counsel was objectively unreasonable for not challenging the abovementioned grounds.[2] Furthermore, appellant failed to demonstrate a reasonable probability that he would not have pleaded guilty but would have insisted on going to trial had counsel challenged the charges on the abovementioned grounds. Therefore, the district court did not err in

_____

[2]We note that the Statutes of Nevada contain the law with the enacting clauses required by the constitution. The Nevada Revised Statutes simply reproduce those laws as classified, codified, and annotated by the Legislative Counsel. NRS 220.120.

denying this claim without conducting an evidentiary hearing. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Douglas W. Herndon, District Judge
       Johnny Ray Ignacio
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.